UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARNELL JONES,

                Plaintiff,

v.                                      Civil Action No.

H & R BLOCK, INC., BOFI FEDERAL BANK,
EMERALD FINANCIAL SERVICES, LLC., HRB DIGITAL LLC.,
HRB TAX GROUP, INC. AND BLOCK FINANCIAL, LLC.,

                Defendants.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendants' violations of the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 28 U.S.C.§ 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact business in the Western District of New York and the conduct complained of occurred in the Western District of New York

### III. PARTIES

4. Plaintiff, Darnell Jones, is a natural person residing in County of Erie and State of New York.

5. Defendant, H & R Block Inc.. ("H&R") is a corporation organized under the laws of Missouri doing business in the State of New York.

6. Defendant, Bofi Federal Bank ("Bofi") is a business organized under the laws of California doing business in the State of New York.

7. Defendant, Emerald Financial Services, LLC. ("EFS") is a foreign limited liability company organized under the laws of Delaware doing business in the State of New York.

8. Defendant, HRB Digital. LLC. ("HRB") is a foreign limited liability company organized under the laws of Colorado doing business in the State of New York.

9. Defendant, HRB Tax Group, Inc.. ("HTG") is a foreign business corporation organized under the laws of Idaho doing business in the State of New York.

10. Defendant, Block Financial, LLC. ("Block") is a foreign limited liability company organized under the laws of Colorado doing business in the State of New York.

11. That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(16), that originated, routed, and/or terminated telecommunications.

12. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. §153(39).

13. That at all times relevant herein, Defendants have used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to contact consumers.

14. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. §153(28).

15. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. §153(50).

16. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. §153(59), that existed as instrumentalities of interstate and intrastate commerce.

17. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(2).

18. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

19. All references to "Defendant(s)" herein shall mean the Defendant(s) or an employee of said Defendant(s).

20. That Defendant COS was at all times relevant here in the agent in fact for Defendant GIC.

## IV. FACTUAL ALLEGATIONS

21. In or about September 2020, Defendant began send automated texts to Plaintiff on his cellular telephone multiple times per week and often times multiple times in a single day.

22. Upon information and belief, the Defendant's text messages were made to the Plaintiff in order to notify him of charges made to Emerald Card 9572 along with the available balance and that he could have full access at hrblock.com/emeraldcard.

23. When Plaintiff would reply to the message he would get a return text that "Unknown or ambiguous command. Reply with Help or another command.

24. In or about December 2, 2020, Plaintiff texted Defendant back and told them to stop texting him.

25. That despite the above instruction to stop texting him on his cellular telephone, Defendant continued to text the Plaintiff on his cellular telephone 2020 through January 2021.

26. Plaintiff never gave consent to any of the Defendants to text his cellular telephone.

27. Plaintiff never had any prior business relationship with any of the Defendants.

28. Plaintiff never had any Emerald Card or made any charges with an Emerald Card.

29. Plaintiff never gave consent to Defendant to send automated text messages to his cellular telephone.

30. That Defendant has continued to send automated text messages to Plaintiff's cellular telephone, resulting in over 200 text messages.

31. That the text messages made by the Defendant at times rendered Plaintiff's telephone unusable due to the excessive number of messages.

32. That the text messages from the Defendant are annoying and upsetting to the Plaintiff.

33. Despite Plaintiff's request that Defendant stop texting Plaintiff's cellular telephone, Defendant continued to deliberately send automated texts to Plaintiff on his cellular telephone using an automatic dialing system as defined by the TCPA.

## V. COUNT ONE
(Telephone Consumer Protection Act of 1991
and 47 C.F.R. 64.1200, et seq.)

34. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

35. The Defendants at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.64.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating texts to Plaintiff's telephone using an automatic telephone dialing system without having consent of Plaintiff to make such calls and leave such messages.

36. The acts and/or omissions of the Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable texts that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

38. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience emotional distress.

39. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs.

40. Plaintiff received multiple texts from Defendants using an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B),

41. The Defendants caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages pursuant to the TCPA, 47 U.S.C.§227(b)(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 47 U.S.C. §227(b)(3)(B).

(c) Treble damages pursuant to 47 U.S.C. §227(b)(3);

(d) For such other and further relief as may be just and proper.

Dated: January 24, 2022

/s/ Seth J. Andrews _____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288 phone
(716) 332-1884 fax
Email: sandrews@kennethhiller.com